NO. 07-06-0097-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 23, 2006

_____

JACKIE K. RIGDON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 49,706-B; HON. JOHN BOARD, PRESIDING

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant Jackie K. Rigdon, Jr. appeals his conviction for indecency with a child. On June 16, 2006, and in response to our directive, the district clerk filed certified copies of the trial court's certification and judgment adjudicating appellant's guilt. However, we note that the trial court certification received was filed after appellant's original plea of guilty in September 2005 and not after his February 16, 2006 adjudication of guilt. Upon further

inquiry by this court, we also learned that no certification has been filed by the trial court regarding appellant's ability to appeal the adjudication hearing and punishment received.

Applicable rule of procedure mandates that the trial court's certification of the defendant's right of appeal be included in the record, which certification may be added by amendment, supplement, or order of this court. TEX. R. APP. P. 25.2(d).

We, therefore, abate this appeal and remand the cause to the trial court and direct it to certify, through written order, whether appellant has the right of appeal from the February 16, 2006 judgment adjudicating him guilty. Furthermore, the trial court shall cause the written order manifesting its decision to be included in a supplemental clerk's record. If any hearing is held on the matter, it shall be transcribed, which transcription the trial court shall cause to be included in a supplemental reporter's record. So too is the trial court directed to cause both the supplemental clerk's and reporter's records to be filed with the Clerk of this Court on or before July 24, 2006. Should the trial court require more time to comply with the directions of this Court, it must request an extension prior to July 24, 2006.

Accordingly, the appeal is abated and the cause is remanded for further proceedings.


                                        Per Curiam

Do not publish.